# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| ALTERA DIGITAL HEALTH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| THE MEDICAL CLINIC BOARD ) OF THE CITY OF ) MONTGOMERY, ALABAMA, ) INC. and JACKSON HOSPITAL ) & CLINIC, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Altera Digital Health Inc. pleads this Complaint against Defendants The Medical Clinic Board of the City of Montgomery, Alabama, Inc. and Jackson Hospital & Clinic, Inc.:

## PARTIES

1. Plaintiff Altera Digital Health Inc. ("Altera") is a Delaware corporation with its principal place of business in Niagara Falls, New York. Altera is registered to do business in Alabama and does business in Montgomery County, Alabama.

2. Defendant The Medical Clinic Board of the City of Montgomery, Alabama (the "Medical Clinic Board") is an Alabama nonprofit corporation with its principal place of business in Montgomery, Alabama.

3. Defendant Jackson Hospital & Clinic, Inc. ("Jackson Hospital" and collectively with the Medical Clinic Board, "Defendants") is an Alabama nonprofit corporation with its principal place of business in Montgomery, Alabama. Jackson Hospital operates an acute care hospital and medical clinic in Montgomery of the same name. The Medical Clinic Board and Jackson Hospital have a legal relationship through which the Medical Center Board holds title to the real property of Jackson Hospital in exchange for issuing tax-exempt bonds to fund the hospital. As a result of this legal relationship, the Medical Clinic Board enters into contracts on Jackson Hospital's behalf.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Complete diversity exists because Altera is a citizen of a different state from the citizenship of both Defendants. The amount in controversy exceeds $75,000.

5. This Court has general personal jurisdiction over Defendants because both have their respective principal places of business in Alabama.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because both Defendants reside in this District and because a substantial part of the events and omissions giving rise to Altera's claims occurred in this District.

#510350645_v6

## STATEMENT OF FACTS

7. Altera is a healthcare technology company that provides electronic health record and practice management software and services to healthcare providers, including hospitals and physician practices.

8. HBO & Company of Georgia and Jackson Hospital entered into a License Agreement dated June 30, 1998 (the "License Agreement").[1] Altera is the successor in the License Agreement of HBO & Company of Georgia. The Medical Clinic Board is the successor by assignment in the License Agreement of Jackson Hospital.

9. The parties agreed to extend the terms of the License Agreement on March 31, 2004, and the terms of the License Agreement, as amended, continue to bind the parties today.

10. Pursuant to the License Agreement, Altera provides a software license, support, remote hosting, and other services to the Medical Clinic Board and Jackson Hospital in exchange for certain fees. Jackson Hospital is the actual user of Altera's software and the recipient of its services.

---

[1] Altera and Defendants agreed to keep confidential the terms of the License Agreement and any other proprietary information or trade secrets exchanged between them. As a result, Altera pleads the requirements of the License Agreement generally in order to preserve this confidentiality and will seek a protective order from the Court allowing the future submission of the License Agreement under seal.

11. Since the inception of their business relationship and the execution of the License Agreement, Altera and its predecessors have always provided the Medical Clinic Board and Jackson Hospital with all of the software and services Defendants agreed to purchase consistent with the terms of the License Agreement.

12. As of October of 2024, the Medical Clinic Board has failed to pay almost $1.5 million in fees for software and services. This outstanding receivable continues to escalate with each passing day.

13. The Medical Clinic Board's failure to timely pay for Altera's software and services constitutes a material breach of the Licensing Agreement.

14. Altera worked in good faith with the leadership of the Medical Clinic Board and Jackson Hospital to develop a repayment plan to bring Defendants' account current. Altera and Defendants reached an agreement on this repayment plan, which Defendants confirmed in writing and with which Defendants substantially complied for a limited period of time. However, the Medical Clinic Board failed to execute the contract memorializing the repayment plan and has failed to make payments consistent with that plan.

15. The License Agreement also allows for ongoing business transactions to be conducted between the parties by the use of purchase orders that are consistent with the terms of the License Agreement.

16. In addition to the software and services Altera already provided and continues to provide to Defendants, the Medical Clinic Board and Altera also entered into a Delivery Order for RCM Services (the "Delivery Order").  Pursuant to the Delivery Order, the Medical Clinic Board ordered and Altera agreed to provide exclusive revenue cycle management services for a monthly fee based on a percentage of Jackson Hospital's collections for each respective month.

17. The Delivery Order further requires the Medical Clinic Board to cooperate with Altera to implement the revenue cycle management services.

18. The Delivery Order is an enforceable contract because it reflects a meeting of the minds between Defendants and Altera and sets forth all material terms of the business transaction.  The Delivery Order was executed by Jackson Hospital's chief financial officer (the "CFO"), who had that authority to bind Defendants to contractual obligations.  Defendants even confirmed to Altera the CFO's authority to enter into contracts on their behalf following the execution of the Delivery Order by conceding that the Delivery Order was a binding contract.  Following execution, Defendants proposed an amendment to the Delivery Order to which Altera could not agree.  Altera later attempted to work with Defendants in good faith to address their post-execution concerns, even offering to amend the Delivery Order to provide as many concessions as possible.  Defendants failed to even respond to Altera's proposal.

19. The Delivery Order required revenue cycle management services to begin on June 10, 2024, and to continue thereafter. The Delivery Order also provided Altera with an *exclusive* right to pursue all Defendants' accounts receivable that were more than 90 days overdue. (Upon information and belief, Altera understands that Defendants may also be breaching this exclusivity provision by unlawfully working with one of Altera's competitors to provide these services.) Defendants, however, have refused to cooperate with Altera to implement the revenue cycle management services and refused to perform its other obligations under the Delivery Order.

20. These refusals and failures constitute material breaches of the Delivery Order.

21. Defendants' breaches have damaged Altera by preventing it from performing the agreed revenue cycle management services in exchange for a monthly fee. Defendants' breaches have further damaged Altera by requiring it to dedicate key resources to prepare to perform a major project that has not begun by Defendants' deadline for implementation, all without any compensation.

22. Altera has complied with all notice requirements necessary to pursue its claims, but Defendants have failed to remedy their material breaches or even cooperate with Altera to implement alternative solutions. Defendants have ignored Altera's efforts to resolve this dispute.

## COUNT I
## BREACH OF CONTRACT – LICENSE AGREEMENT

23. Altera incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

24. Altera and the Medical Clinic Board entered into a contract, the License Agreement, through which Altera agreed to provide certain software and services to Defendants and the Medical Clinic Board agreed to pay for that software and those services.

25. Altera provided all of the software and services the License Agreement required it to provide. Altera further complied with all of its obligations under the License Agreement.

26. Defendants failed to comply with their obligations under the License Agreement by failing to pay Altera for the software and services it provided, which Defendants are continuing to use. This failure is a material breach of the License Agreement.

27. Altera was harmed by Defendants' material breach of the License Agreement.

WHEREFORE, premises considered, Altera requests judgment against Defendants for compensatory and consequential damages, interest, attorneys' fees and expenses, costs of court, and such other relief as may be deemed appropriate at trial.

## COUNT II
## UNJUST ENRICHMENT – LICENSE AGREEMENT SERVICES

28. Altera incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

29. Defendants knowingly accepted and retained the benefit of Altera's software and services.

30. Altera provided its software and services to Defendants and has a reasonable expectation of compensation for those software and services.

31. Defendants harmed Altera by accepting and retaining the benefit of Altera's software and services without reasonably compensating Altera.

WHEREFORE, premises considered, Altera requests judgment against Defendants for compensatory and consequential damages, interest, attorneys' fees and expenses, costs of court, and such other relief as may be deemed appropriate at trial.

## COUNT III
## BREACH OF CONTRACT – DELIVERY ORDER

32. Altera incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

33. Altera and the Medical Clinic Board entered into a contract, the Delivery Order, through which Altera agreed to provide revenue cycle management

services to Defendants and the Medical Clinic Board agreed to pay for those services.

34. Altera invested significant resources into preparing to provide timely revenue cycle management services to Defendants in accordance with the Delivery Order and remains ready, willing, and able to provide those services. Altera further complied with all of its obligations under the Delivery Order.

35. Defendants failed to comply with their obligations under the Delivery Order by failing to provide the required cooperation for Altera to provide revenue cycle management services. Despite Altera's significant investment in meeting its obligations pursuant to the Delivery Order, Defendants have refused to accept or pay for such services. These failures are material breaches of the Delivery Order.

36. Altera was harmed by Defendants' material breaches of the Delivery Order.

WHEREFORE, premises considered, Altera requests judgment against Defendants for compensatory and consequential damages, interest, attorneys' fees and expenses, costs of court, and such other relief as may be deemed appropriate at trial.

## COUNT IV
## UNJUST ENRICHMENT – REVENUE CYCLE MANAGEMENT SERVICES

37. Altera incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

38. Defendants knowingly accepted and retained some benefit of Altera's revenue cycle management services by causing Altera to expend significant resources preparing for implementation of those services and accepting the benefit of Altera's preparations and willingness to immediately implement those services.

39. Altera expended significant resources preparing to provide revenue cycle management services to Defendants and is ready, willing, and able to implement those services. Altera has a reasonable expectation of compensation for its efforts to provide the revenue cycle management services that Defendants ordered.

40. Defendants harmed Altera by accepting and retaining the benefit of Altera's efforts to timely provide the revenue cycle management services without reasonably compensating Altera.

WHEREFORE, premises considered, Altera requests judgment against Defendants for compensatory and consequential damages, interest, attorneys' fees and expenses, costs of court, and such other relief as may be deemed appropriate at trial.

## COUNT V
## CIVIL CONSPIRACY

41. Altera incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

42. The Medical Clinic Board and Jackson Hospital share common and overlapping leadership and make coordinated business decisions, including the decisions to breach the License Agreement and Delivery Order and to retain an unjust enrichment from Altera. The Medical Clinic Board and Jackson Hospital agreed and worked together to retain the unjust enrichment provided by Altera.

43. The Medical Clinic Board and Jackson Hospital did so to harm Altera.

44. At least one or both Defendants committed overt acts to achieve the unjust enrichment, including accepting the benefits of Altera's software and services with no intent to pay for such software and services and rejecting Altera's requests to cooperate in the implementation of Altera's revenue cycle management services.

45. Defendants' conduct caused Altera harm in the form of lost profits and wasted resources.

WHEREFORE, premises considered, Altera requests judgment against Defendants for compensatory and consequential damages, interest, attorneys' fees and expenses, costs of court, and such other relief as may be deemed appropriate at trial.

Respectfully submitted this the 7th day of October, 2024.

/s/ *Cason M. Kirby*
Cason M. Kirby (ASB-8893-W05W)
Allyson R. Mancuso (ASB-4464-D38R)
HOLLAND & KNIGHT LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Tel.: (205) 226-5706
Fax: (205) 214-8787
cason.kirby@hklaw.com
allyson.mancuso@hklaw.com

*Counsel for Plaintiff Altera Digital Health Inc.*

#510350645_v6

## CERTIFICATE OF SERVICE

I hereby certify that the summons and complaint will be served on the following Defendants by certified U.S. Mail:

The Medical Board of the City
of Montgomery, Alabama
1725 Pine Street
Montgomery, Alabama 36106

Jackson Hospital & Clinic, Inc.
c/o Joe B. Riley
1725 Pine Street
Montgomery, Alabama 36106

                                      */s/ Cason M. Kirby*
                                      Of Counsel

#510350645_v6